**Exhibit A**

State of MAINE

# ADJUSTABLE-RATE NOTE
## (Home Equity Conversion)

**February 12, 2016**

FHA Case No 
Loan No. ████
MIN ████████

**498 Elm Hill Road, South Paris, Maine 04281** (Property Address)

## 1. DEFINITIONS

"Borrower" means each person signing at the end of this Note. The term does not include his or her successors or assigns.

"Change Date" means each date on which the interest rate could change.

"Current Index" means the most recent index figure available thirty (30) days before the Change Date.

"Eligible Non-Borrowing Spouse" means a Non-Borrowing Spouse who meets, and continues to meet, the Qualifying Attributes requirements established by the Secretary that the Non-Borrowing Spouse must satisfy in order to be eligible for deferral of the due and payable status.

"Index" means the weekly average of interbank offered rates for one year U.S. dollar-denominated deposits in London Market ("LIBOR"), as published in the *Wall Street Journal*, rounded to three digits to the right of the decimal point.

"Ineligible Non-Borrowing Spouse" means a Non-Borrowing Spouse who does not meet the Qualifying Attributes requirements established by the Secretary that the Non-Borrowing Spouse must satisfy in order to be eligible for deferral of the due and payable status.

"Lender" means **Reverse Mortgages.com, Inc.** and its successors and assigns.

"Loan Agreement" means the Home Equity Conversion Mortgage Adjustable Rate Loan Agreement dated **February 12, 2016** by and between the Borrower and Lender.

"Non-Borrowing Spouse" means the spouse **N/A,** as deteremined by the laws of the state in which the spouse **N/A** and Borrower **N/A** reside or the state of celebration of the Borrower **N/A** at the time of closing and who is not a Borrower.

"Property" means Borrower's property identified in the Security Instrument.

"Property Address" means the address provided above.

"Qualifying Attributes" means those requirements established by the Secretarty that the Non-Borrowing Spouse must satisfy in order to be eligible for deferral of the due and payable status.

"Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.



HECMFirstNote-2015

"Security Instrument" means the mortgage, deed of trust, security deed or other security instrument which is signed by Borrower together with the Loan Agreement and which secures the amounts advanced under this Note.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for amounts to be advanced by Lender to or for the benefit of Borrower under the terms of the Loan Agreement, Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. All amounts advanced by Lender, plus interest, if not due earlier, are due and payable on **March 14, 2093**. Interest will be charged on unpaid principal at the rate of **Four AND Eleven Thousandth** percent **(4.011%)** per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the Principal Balance as a Loan Advance at the end of each month.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by the Security Instrument. The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment-in-full, as provided in Paragraph 7 of this Note.

### (B) Place

Payment shall be made at **Reverse Mortgages.com, Inc., 3401 W Broadway Business Park Ct, Ste. 109 and Ste. 213, Columbia, MO 65203** or at such other place as Lender may designate in writing by notice to Borrower.

### (C) Limitation of Liability

Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property. If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

## 5. INTEREST RATE CHANGES

### (A) Change Date

The interest rate may change on **March 1, 2017** and on that day of each succeeding year.

### (B) The Index

Beginning with the first Change Date, the interest rate will be based on the Index chosen by the Borrower, as specified in this Note. If the Index is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

### (C) Calculation of Interest Rate Changes

Before each Change Date, Lender will calculate a new interest rate by adding a margin of **Two AND Eight Hundred Seventy Five Thousandth** percentage points **(2.875%)** to the current Index. Subject to the limit stated in Paragraph 5(D) of this Note, this amount will be the new interest rate until the next Change Date.

### (D) Limit on Interest Rate Changes

The interest rate will never increase or decrease by more than two percentage points (2.0%) on any single Change Date. The interest rate will never be more than five percentage points (5.0%)



HECMFirstNote-2015

higher or lower than the initial interest rate stated in Paragraph 2 of this Note..

**(E) Notice of Changes**
Lender will give notice to Borrower of any change in the interest rate. The notice must be given at least twenty five (25) days before the new interest rate takes effect, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the Current Index and the date it was published, (vi) the method of calculating the adjusted interest rate, and (vii) any other information which may be required by law from time to time.

**(F) Effective Date of Changes**
A new interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date, unless the Change Date occurs less than twenty five (25) days after Lender has given the required notice. If the interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note decreased, but Lender failed to give timely notice of the decrease and applied a higher rate than the rate which should have been stated in a timely notice, then Lender shall recalculate the Principal Balance owed under this Note so it does not reflect any excessive interest.

## 6. BORROWER'S RIGHT TO PREPAY
A Borrower receiving monthly payments under the Loan Agreement has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty.  Any amount of debt prepaid will first be applied to reduce the Principal Balance of the Second Note described in Paragraph 11 of this Note and then to reduce the Principal Balance of this Note.

All prepayments of the Principal Balance shall be applied by Lender as follows:

First, to that portion of the Principal Balance representing aggregate payments for mortgage insurance premiums;

Second, to that portion of the Principal Balance representing aggregate payments for servicing fees;

Third, to that portion of the Principal Balance representing accrued interest due under the Note; and

Fourth, to the remaining portion of the Principal Balance.

A Borrower may specify whether a prepayment is to be credited to that portion of the Principal Balance representing monthly payments or the line of credit.  If Borrower does not designate which portion of the Principal Balance is to be prepaid, Lender shall apply any partial prepayments to an existing line of credit or create a new line of credit.

## 7. IMMEDIATE PAYMENT-IN-FULL
**(A) Death**

(i) Except as provided in Paragraph 7(A)(ii), Lender may require immediate payment in full of all outstanding principal and accrued interest if a Borrower dies and the Property is not the Principal Residence of at least one surviving Borrower.

(ii) Deferral of Due and Payable Status.  Lender may not require immediate payment in full of all outstanding principal and accrued interest if a Non-Borrowing Spouse identified in this Note qualifies as an Eligible Non-Borrowing Spouse and provided the following conditions are, and continue to be, met:



HECMFirstNote-2015

  a.  Such Eligible Non-Borrowing Spouse remained the spouse of the Borrower,
      identified in this Note, for the duration of the Borrower's lifetime;
  b.  Such Eligible Non-Borrowing Spouse has occupied, and continues to occupy,
      the Property as [his/her] Principal Residence;
  c.  Such Eligible Non-Borrowing Spouse has established legal ownership or other
      ongoing legal right to remain in the Property;
  d.  All other obligations of the Borrower under this Note, the Loan Agreement
      and the Security Instrument continue to be satisfied; and
  e.  This Note is not eligible to be called due and payable for any other reason.

This sub-paragraph (ii) is inapplicable or null and void if an Eligible Non-Borrowing
Spouse is or becomes an Ineligible Non-Borrowing Spouse at any time. Further, during a
deferral of the due and payable status, should any of the conditions for deferral cease to
be met, such a deferral shall immediately cease and this Note will become immediately
due and payable in accordance with the provisions of Paragraph 7(A)(i) of this Note.

**(B) Sale**
Lender may require immediate payment in full of all outstanding principal and accrued interest if
a Borrower conveys all of his or her title to the Property and no other Borrower retains title to the
Property in fee simple or on a leasehold interest as set forth in 24 CFR 206.45(a). A deferral of
due and payable status is not permitted when a Lender requires immediate payment under this
Paragraph.

**(C) Other Grounds**
Lender may require immediate payment-in-full of all outstanding principal and accrued interest,
upon approval by the Secretary, if:

  (i) The Property ceases to be the Principal Residence of a Borrower for reasons other than
  death and the Property is not the Principal Residence of at least one other Borrower; or

  (ii) For a period of longer than twelve (12) consecutive months, a Borrower fails to
  occupy the Property because of physical or mental illness and the Property is not the
  Principal Residence of at least one other Borrower; or

  (iii) An obligation of the Borrower under the Security Instrument is not performed.

  A deferral of due and payable status is not permitted when a Lender requires immediate
  payment in full under Paragraph 7(C).

**(D) Payment of Costs and Expenses**
If Lender has required immediate payment-in-full, as described above, the debt enforced through
sale of the Property may include costs and expenses, including reasonable and customary
attorney's fees for enforcing this Note to the extent not prohibited by applicable law. Such fees
and costs shall bear interest from the date of disbursement at the same rate as the principal of this
Note.

**(E) Trusts**
Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of
the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be
considered a conveyance for purposes of this Paragraph. A trust shall not be considered an
occupant or be considered as having a Principal Residence for purposes of this Paragraph.



HECMFirstNote-2015

## 8. WAIVERS
Borrower waives the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 9. GIVING OF NOTICES
Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice to Non-Borrowing Spouse provided for under this Note will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 10. OBLIGATIONS OF PERSONS UNDER THIS NOTE
If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

## 11. RELATIONSHIP TO SECOND NOTE
### (A) Second Note
Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255 (i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

### (B) Relationship of Secretary Payments to this Note
Payments made by the Secretary shall not be included in the debt due under this Note unless:

(i) This Note is assigned to the Secretary; or

(ii) The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

### (C) Effect on Borrower
Where there is no assignment or reimbursement as described in (B)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under this Note until the Secretary has required payment-in-full of all outstanding principal and accrued interest under the Second Note held by the Secretary, notwithstanding anything to the contrary in Paragraph 7 of this Note; or

(ii) Be obligated to pay interest under this Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the Principal Balance of this Note, notwithstanding anything to the contrary in Paragraphs 2 or 5 of this Note..



## 12. THIRD-PARTY BENEFICIARY

Except as set forth in Paragraph 7(A)(ii) and only for an Eligible Non-Borrowing Spouse, this Note does not and is not intended to confer any rights or remedies upon any person other than the parties. Borrower agrees that it is not a third-party beneficiary to the Contract of Insurance between HUD and Lender.

## 13. SUCCESSORS AND ASSIGNS

Notwithstanding anything to the contrary herein, upon the death of the last surviving Borrower, the Borrower's successors and assigns will be bound to perform Borrower's obligations under this Note.

## 14. CAPITALIZED TERMS

Capitalized terms not defined in this Note shall have the meanings ascribed to them in the Loan Agreement.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (SEAL)        2-12-16
Kendall L. Davis                                Date

_____ (SEAL)        2.12.16
Anita Mae Davis                                 Date

ORIGINAL

### Loan Originator Organization

Mortgage Loan Originator Organization:        **Reverse Mortgages.com, Inc.**

Nationwide Mortgage Licensing system and Registry Identification Number:        **1313859**

### Individual Loan Originator

Mortgage Loan Originator:        **Janis Bultemeier**

Nationwide Mortgage Licensing system and Registry Identification Number:        **300887**

HECMFirstNote-2015

# Allonge

| | |
|---|---|
| Loan Number: | ████ |
| FHA Case Number: | ████ |
| Borrower Name(s): | **Kendall L and Anita Mae Davis** |
| Property Address: | **498 Elm Hill Road**<br>**South Paris, Maine 04281** |
| Note/Loan Amount: | **$194,250.00** |
| Note/Loan Date: | **2/12/2016** |

*PAY TO THE ORDER OF:*

**Finance of America Reverse, LLC**

WITHOUT RECOURSE

| | |
|---|---|
| Company Name: | **Reverse Mortgages.com, Inc.** |
| Signature: | *Anne Doisey* |
| Name: | Anne Doisey |
| Title: | Operations Manager |

# Allonge

Loan Number: ███████

FHA Case Number: ███████

Borrower Name(s):     **Kendall L Davis, Anita Mae Davis**

Property Address:     **498 Elm Hill ROAD, South Paris, ME 04281**

Note/Loan Amount:   **$194,250.00**

Note/Loan Date:       **2/12/2016**

*PAY TO THE ORDER OF:*

WITHOUT RECOURSE

Company Name:     **Finance of America Reverse, LLC**

Signature:     _____

Name:          Laura Roberts

Title:         AVP